■ In the Matter of HELENE N. MEYER, Respondent, v. SOLOMON HOBERMAN et al., Constituting the City Civil Service Commission of the City of New York, et al., Appellants.— Order and judgment (one paper) entered December 8, 1967, unanimously reversed and petition dismissed on the law, without costs or disbursements to any party. Petitioner holds the position of Rent Research Associate in the New York City Rent and Rehabilitation Administration. She was appointed to this position in the classified city civil service after passing an appropriate examination. Petitioner was assigned certain duties which were encompassed in the departmental description as " Position 00225." As a result of a desk audit, it was determined that the duties and responsibilities of Position 00225 indicated that the position be filled by a Senior Rent Research Associate, a title higher than that held by petitioner. On these facts petitioner proceeded under article 78 to obtain a judgment directing that she be declared a Senior Research Associate, with the salary of that position. The facts established do not warrant the relief. Promotion to a higher position in the civil service comes about through examination and neither performance of the higher duties nor assignment to them can obviate this (*Matter of Mandle* v. *Brown*, 5 N Y 2d 51; Civil Service Law, § 70; Rules and Regulations of the City Civil Service Commission, rule VI, subd. 6.1.1.) Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and McNally, JJ.

■ In the Matter of DELAWARE JONES, Respondent, v. CITY OF NEW YORK, Appellant.— Order entered August 10, 1967, herein appealed from, unanimously reversed on the law, the facts and in the exercise of discretion, and the application is denied, without costs to either party. Claimant has failed to establish any basis within the statutory provision (General Municipal Law § 50-e, subd. 5) which permits judicial intervention. Even if we assume a disability, which is not supported by the record, claimant has failed to show that he made application for the relief sought within a reasonable time after termination of the disability (*Matter of Smith* v. *New York City Tr. Auth.*, 18 A D 2d 10; *Matter of Brown* v. *New York City Housing Auth.*, 12 A D 2d 590). Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.